UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DANIEL ADAM BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00184-JPH-MJD |
| | ) | |
| VIGO COUNTY JAIL, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Daniel Brown, an inmate at the Vigo County Jail, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Discussion

Mr. Brown alleges in the complaint that when he was being booked into the Vigo County Jail, Officer Knopp placed him in a chokehold, cuffed him behind his back, placed him in a restraint chair, and tased him multiple times even though he posed no threat. He sues the Vigo County Jail and Officer Knopp.

Based on the screening standard set forth above, Mr. Brown's claims against the Vigo County Jail must be **dismissed** because the Jail is a non-suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.").

Mr. Brown's claim against Officer Knopp **shall proceed** as a claim that Officer Knopp exercised excessive force against Mr. Brown in violation of his Fourteenth Amendment rights. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2471 (2015).

This summary of claims includes all of the viable claims identified by the Court. If Mr. Brown believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through July 12, 2020,** in which to identify those claims.

## III. Conclusion and Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendant Officer Knopp in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 6/10/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DANIEL ADAM BROWN
VIGO COUNTY JAIL
201 Cherry Street
Terre Haute, IN 47807

Officer Knopp
Vigo County Jail
201 Cherry Street
Terre Haute, IN 47807